# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID BOY FULLER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No: 2:14-cv-110-CLS-TMP |
| **OFFICER BALDWIN,** *et al.*, | ) |
| **Defendants.** | ) |

## ORDER

On January 12, 2015, the magistrate judge filed a report recommending that plaintiff's Motion to Supplement the Complaint[1] be granted, and that all claims asserted by plaintiff, except those Eighth Amendment claims asserted against defendant "Leggett" for interference with plaintiff's medical care and those Eighth Amendment claims asserted against defendants "Harrison" and "Gant" for failure to respond when they found plaintiff unconscious in his cell, be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

The magistrate judge further recommended that the foregoing, remaining Eighth Amendment claims be referred to the magistrate judge for further proceedings.

---

[1] Doc. no. 8 ("Complaint Arising from Retaliation").

Finally, the magistrate judge recommended that supplemental jurisdiction over plaintiff's state law and common law claims be declined.

Plaintiff filed objections to the report and recommendation on January 26, 2015.[2] Plaintiff argues against the dismissal of his First Amendment retaliation claim against "Nurse Diming."[3] The magistrate judge recommended dismissal because pleaded no facts showing that Nurse Diming knew that she was a named defendant in this case when she refused to scan plaintiff's pill card, dispensed incorrect medication to him, and instituted a disciplinary infraction against him on April 6, 2014.[4]

Plaintiff states that he "forgot to express" that Nurse Diming knew that he filed suit against her before April 6, 2014.[5] He alleges that segregation unit officers saw his *in forma pauperis* application when it was returned from the prison business office: *ergo*, all of the segregation officers knew that he was filing a lawsuit against them, and they passed "the word" on to "Nurse Diming and . . . others . . . the day he had the complaint mailed out."[6] Plaintiff's allegations are pure conjecture, based solely on the fact that his mail was delivered by and through corrections officers. Plaintiff has not substantiated this conjecture with specific facts to establish how he

---

[2] Doc. no. 11 (Objections to Report and Recommendations).
[3] *Id.* at 3.
[4] Doc. no. 10 (Report and Recommendations) at 1, 10-11.
[5] Doc. 11 (Objections to Report and Recommendations), at 3.
[6] *Id.*

is aware that a particular officer informed Nurse Diming on or before April 6, 2014, that she was being sued by plaintiff. Therefore, plaintiff's objections are OVERRULED.

Next, plaintiff objects to the dismissal of his Eighth Amendment medical care claims against Nurse Diming and Nurse Vinson, asserting that the magistrate judge "did not understand" the type of "serious illness" he suffers from: *i.e.*, diabetes.[7] Plaintiff is incorrect, as the magistrate judge clearly accepted as true plaintiff's assertion that he has diabetes and high blood pressure.[8]

Plaintiff also alleges that diabetes is a serious medical need, "[y]et Nurse Vinson and Nurse Diming are putting personal reasons in front of doing their jobs[,]" and therefore should not be relieved of liability.[9] Although diabetes is a serious medical need, none of the specific medical care allegations in plaintiff's complaint against Nurses Diming or Vinson pertain to that condition. Instead, to the extent plaintiff makes specific allegations against Nurses Diming and Vinson, the focus is on his high blood pressure.[10] Plaintiff does not make specific objections to the magistrate judge's recommendation regarding Nurse Vinson. With regard to Nurse Diming, plaintiff declares that "when his blood pressure is high, like it was when it

---

[7] *Id.* at 4–5.

[8] *See* doc. no. 10 (Report and Recommendations), at 3–4.

[9] Doc. no. 11 (Objections to Report and Recommendations), at 5 (alterations supplied).

[10] *See* doc. no. 1 (Complaint), at 3–4.

was 188/123, other measures have to be taken by the medical personnel."[11]  Even assuming that plaintiff meant to assert that because he is a diabetic, other measures have to be taken when his blood pressure is high, he still has not stated a claim against Nurse Diming.  Diming found plaintiff's blood pressure to be 188/123 on January 4, 2014.[12]  She then instructed defendant Leggett to place plaintiff in a ward, but Leggett refused to do so and told Diming not to document plaintiff's blood pressure results.[13]  The magistrate judge recommended that this claim against Nurse Diming be dismissed because plaintiff did not allege that Diming complied with Leggett's instruction not to correctly document his condition.[14]  Moreover, plaintiff's allegations show that Diming attempted to treat him, but that defendant Leggett interfered with her prescribed treatment.

For the foregoing reasons, plaintiff's objections to the dismissal of his Eighth Amendment medical care claims against Nurses Diming and Vinson are OVERRULED.

Plaintiff's third objection is to the recommended dismissal of his Eighth Amendment cruel and unusual punishment claim against defendants "Parks," "Wilson," "Gadson," "Goldsmith," and "Lewis," a claim concerning the foregoing

---

[11] Doc. no. 11 (Objections to Report and Recommendations), at 4.

[12] *See* doc. no. 1 (Complaint), at 4.

[13] *See id.*

[14] *See* doc. no. 10 (Report and Recommendations), at 14.

defendants' placement of paper on the window of the cell block cubicle.[15] Plaintiff argues that defendants took such action because they did not want to be "bothered by any convict," even though it is their duty to ensure the "health and safety" of the inmates.[16] He also contends, "Plaintiff is a diabetic. He may have a crisis at any time."[17] Plaintiff does not any connection between the foregoing defendants' refusal to remove the paper and a failure to respond to a serious medical need. Further, plaintiff has not been incarcerated at W.E. Donaldson Correctional Facility since October of 2014.[18] Accordingly, plaintiff's objections are OVERRULED.

Plaintiff's fourth and final objection is to the recommended dismissal of his conditions of confinement claim against defendants "Poe" and "Baldwin." He argues that defendants should be held liable for placing him in an "unsanitary cell" because they had "ill motives," "hate," and wanted to "devious[ly]" punish him without "due process."[19] Although plaintiff refers to due process, he clearly alleges an Eighth Amendment violation with regard to the conditions in his cell, and his contention that defendants Poe and Baldwin placed him in an unsanitary cell out of hate and ill motives has no factual support. Accordingly, plaintiff's objections are OVERRULED.

---

[15] *See* doc. no. 11 (Objections to Report and Recommendations), at 5.
[16] *Id.*
[17] *Id.* at 6.
[18] *See* doc. no. 9 ("Change Address").
[19] Doc. no. 11 (Objections to Report and Recommendations), at 6 (alteration supplied).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be, and the same hereby is, ADOPTED, and the recommendation is ACCEPTED.

Accordingly, it is ORDERED that plaintiff's Motion to Supplement the Complaint is GRANTED, and all claims asserted herein, except those Eighth Amendment claims asserted against defendant "Leggett" for interference with plaintiff's medical care and those Eighth Amendment claims asserted against defendants "Harrison" and "Gant" for failure to respond when they found plaintiff unconscious in his cell, are DISMISSED, with prejudice. It is ORDERED that the remaining Eighth Amendment claims are REFERRED to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this 20th day of March, 2015.

_____
United States District Judge